**Alfred Wayne LEE, Plaintiff–
Appellant,**

v.

**U.S. ATTORNEY FOR the SOUTHERN
DISTRICT OF FLORIDA, Jeffrey Slo-
man, Freedom of Information Act/Pri-
vacy Act Staff, Executive Office for
United States Attorneys in Washing-
ton, D.C., Defendants–Appellees.**

No. 09–14396
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

April 26, 2010.

Alfred Wayne Lee, Miami, FL, pro se.

Anne R. Schultz, U.S. Attorney's Office,
Miami, FL, for Defendants–Appellees.

Before BLACK, HULL and PRYOR,
Circuit Judges.

PER CURIAM:

This is Alfred Wayne Lee's second ap-
peal in this case. In 2006, Lee, a *pro se*
federal prisoner, filed this civil action al-
leging claims under the Freedom of Infor-
mation Act ("FOIA"), and the Privacy Act
("PA"). Lee's claims focused on the de-
fendants' failure to respond to his FOIA
and PA requests with documents relating
to his criminal prosecution. In 2007, the
district court granted summary judgment
to the defendants, and, in 2008, this Court
affirmed. *See Lee v. U.S. Att'y for the S.
Dist. of Fla.*, 289 Fed.Appx. 377 (11th Cir.

2008). This Court concluded that sum-
mary judgment was proper because "Lee
failed to show a genuine issue of material
fact as to the reasonableness of the search
for responsive records or defendants' good
faith in conducting the search and provid-
ing responsive records." *Id.* at 381.

In 2009, Lee filed a motion under Feder-
al Rule of Civil Procedure 60(b)(3) and
(b)(6) to reopen his case. Lee's Rule 60(b)
motion again requested the documents re-
lated to his criminal prosecution and as-
serted that the defendants did not comply
in good faith with his FOIA and PA re-
quests. The district court denied Lee's
Rule 60(b) motion, noting that he had not
made a sufficient showing that the case
should be reopened.[1]

Lee filed this appeal, making essentially
the same argument he made in his first
appeal—that the evidence presented in the
district court before his first appeal shows
that the defendants acted in bad faith in
responding to his FOIA and PA requests.
We, like the district court before us, are
bound by the law of the case doctrine and
may not revisit the issues Lee raised in his
first appeal. *See United States v. Stinson*,
97 F.3d 466, 469 (11th Cir.1996) (explain-
ing that under the law of the case doctrine,
both the appeals court and the district
court are bound by the findings of fact and
conclusions of law made in the prior appeal
unless certain exceptions apply). Lee has
not identified any applicable exception to
the law of the case. Thus, the district
court did not abuse its discretion in deny-
ing Lee's Rule 60(b) motion.

**AFFIRMED.**

---

1. We generally review the denial of a Rule
60(b) motion for abuse of discretion. *Burke v.*
*Smith*, 252 F.3d 1260, 1263 (11th Cir.2001).